# Exhibit 1

Exhibit 1



FILED

MAR 13 5 24 PM '09

CLERK OF THE COURT

**COMP**
Steven J. Parsons
Nevada Bar No. 363
LAW OFFICES OF STEVEN J. PARSONS
City Center West, Ste. 108
7201 W. Lake Mead Blvd.
Las Vegas, NV 89128-8354
(702)384-9900
(702)384-5900 (fax)
SteveSJP@pclv.com

Attorney for Plaintiff
**SARAH L. WOOD**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

**SARAH L. WOOD,**

Plaintiff,

vs.

**GULF INSURANCE PCC LIMITED,** a foreign, non-admitted insurer; **GLOBAL BENEFITS GROUP, INC.,** a Delaware corporation,

Defendants.
______________________________/

Case No.: A 585296

Dept. No.: XXV

**COMPLAINT**

**ARBITRATION EXEMPTION CLAIMED**
(Declaratory Relief; NAR, Rule 3(b))

**JURY DEMAND**

1. Declaratory Relief;
2. Breach of Contract;
3. Breach of the Duty of Good Faith and Fair Dealing;
4. Breach of Statutory Duties (Nev. Rev. Stat. §686(a));
5. Intentional Interference With Prospective Economic Advantage; and
6. Fraud.

Plaintiff, **SARAH L. WOOD**, by her attorney, Steven J. Parsons of LAW OFFICES OF STEVEN J. PARSONS, complains of Defendants, **GULF INSURANCE PCC LIMITED**, a foreign, non-admitted insurer, and **GLOBAL BENEFITS GROUP, INC.**, a Delaware corporation, and alleges as causes of action against them, as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, **SARAH L WOOD** (hereinafter referred to simply as "Ms. Wood" or "Plaintiff"), was at all relevant times a resident of Clark County, Nevada.

) )

2. Defendant **GULF INSURANCE PCC LIMITED** (hereinafter "Gulf" or "Defendant Gulf"), is a foreign insurer, which Plaintiff is informed and believes has never registered with the Nevada Department of Insurance and may not have been lawfully conducting business within the State of Nevada, as described below. Gulf's principal place of business appears to be in Guernsey, a British Crown dependancy located in Europe. Plaintiff is informed and believes and thereupon alleges that alternatively, as is depicted on the website of co-Defendant Global Benefits Group, Inc., Defendant Gulf may be conducting business from its principal place of business in St. Clair, Port of Spain, Trinidad and Tobago. Attached hereto and incorporated herein as Exhibit 2 is a true and correct copy of the website of Defendant Global Benefits Group, Inc., as it appeared on March 12, 2009 at location http://www.gbgi.net/insurance_partners.aspx.

3. Plaintiff is informed and believes and thereupon alleges that Defendant **GLOBAL BENEFITS GROUP, INC.**, (hereinafter "Global" or "Defendant Global") a Delaware corporation, whose primary place of business is in California, is by its own admission upon its website, a "...*Managing General Underwriter performing pricing, underwriting, policy issue and administration on behalf of the insurers it represents*" including Defendant Gulf. Attached hereto and incorporated herein as Exhibit 3 is a true and correct copy of the website of Defendant Global Benefits Group, Inc., as it appeared on March 12, 2009 at location http://www.gbgi.net/market_niche.aspx.

4. Plaintiff's Complaint states a controversy over which this Court has jurisdiction as Plaintiff resides here; the contract was entered into within the state of Nevada; the benefits from the subject policy of insurance were to be paid within the state of Nevada; and venue is properly in this Court. The matter in controversy exceeds, exclusive of interest and costs, this Court's minimum amount in controversy requirement of the sum of Ten Thousand Dollars ($10,000.00).

5. At all relevant times, Ms. Wood was covered by a Student Health Insurance policy (the "Policy") issued to the University of Nevada School of Medicine, where she was

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

a student. Purchase of the Policy was made compulsory for Ms. Wood as a student by the University of Nevada, a subdivision of the State of Nevada.

6. For the 2006-2007 academic year, Ms. Wood paid the required premium of Nine hundred thirty-nine dollars ($939.00) per semester as depicted in the Policy.

7. The Policy was underwritten by Defendant Gulf and administered by Defendant Global and it promised to pay up to One million dollars ($1,000,000.00) for Medically Necessary Covered Expenses, subject to an annual deductible of Two hundred fifty dollars ($250.00) and a twenty percent (20%) co-payment, up to an annual maximum of One thousand eight hundred dollars ($1,800.00). A copy of the Policy is attached hereto as Exhibit "1" and incorporated herein by reference as if set forth fully here.

8. In or about January, 2007, Ms. Wood experienced the onset of cardiac symptoms, a condition that first manifested itself while the subject policy was in full force and effect. Ms. Wood was diagnosed with ASD – *atrial septal defect.* She located a cardiac surgeon, Philip Oyer, M.D. at Stanford University, a specialist who had experience in the repair of ASD and who performed the medically necessary procedure on or about May 24, 2007.

9. The expenses incurred as a result of this sudden illness were timely submitted to Gulf for reimbursement. On or about September 21, 2007, Gulf refused to honor the terms of the policy on the pretext that Ms. Wood had suffered the cardiac condition since birth, "a congenital condition," which was purportedly Exclusion No. 6, among the 34 exclusions set forth at pages 17-19 within Exhibit 1, many of which purported exclusions are invalid and unenforceable under Nevada law.

10. The Policy expressly promises to pay for Medically Necessary Covered Expenses (Exhibit 1, page 11), which are defined as hospital, surgery fees, etc. (Exhibit 1, page 15). "Sickness" is defined as "an illness, disease or condition of the Covered Person that causes a loss for which the Covered Person incurs medical expenses while covered under the Policy." The Policy does not define or explain the meaning of "congenital" as

inserted as Exclusion No. 6, but it does define Pre-Existing Condition as follows:

> "...means an illness, disease or other condition of the Covered Person, that in the 6 month period before the person's coverage became effective:
>
> 1) first manifested itself, worsened, became acute or exhibited symptoms that would have caused a person to seek diagnosis, care or treatment; or
> 2) required taking prescribed drugs or medicines, unless the condition for which the prescribed drug or medicine remains controlled without any change in the required prescription; or
> 3) was treated by a Doctor or had treatment recommended by a Doctor."

11. While the Policy purports to exclude "pre-existing conditions" and/or "congenital conditions," it is well documented that Ms. Wood's heart condition did not manifest itself within the six months prior to the effective date of the first creditable coverage and did not require the treatment of a physician or the administration of medication during that six month period.

12. A "Conformity with State Laws" provision at page 20 of the Policy concedes, as it must in Nevada, that "any provision that is in conflict with the laws of the state where it is issued is amended to conform to the minimum requirements of such laws." However, Defendant ignored the mandates of Nevada Statutes, such as Nev. Rev. Stat. §689B.500 which prohibits a carrier from defining a pre-existing condition more restrictively than that term is defined in Nev. Rev. Stat. §689B.450,[1] nor for a period greater than twelve (12) months less the aggregate period of creditable coverage of an insured, such as Plaintiff Ms. Wood.

---

[1] Nev. Rev. Stat. §689B.450 sets forth the *least*-favorable language permitted for an exclusion related to pre-existing conditions:

> ""Pre-existing condition" means a condition, regardless of the cause of the condition, for which medical advice, diagnosis, care or treatment was recommended or received during the six months immediately preceding the effective date of the new coverage. The term does not include genetic information in the absence of a diagnosis of the condition related to such information."

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

13. The Policy includes numerous provisions which violate Nevada law and omits numerous others that it is obligated to include. Among the illegal provisions there is an invalid reference to "Jurisdiction" which would ostensibly require the parties to litigate the above described issues in "Guernsey, U.K....(which) shall be subject to the exclusive jurisdiction of its courts."

**FIRST CAUSE OF ACTION**

**(Declaratory Relief – as to both Defendants)**

14. Plaintiff incorporates by reference each and every paragraph of the Complaint and incorporates them as though set forth in full herein.

15. An actual controversy exists between Plaintiff and Defendants. Ms. Wood contends she has suffered a covered loss and is entitled to the full benefits of the Policy. Defendants apparently contend that Ms. Wood is not entitled to coverage of the medically necessary procedures and treatment.

16. Ms. Wood asks the Court to determine the rights of the parties in this regard and the obligations and duties of the parties, and she requests a declaration and Order from this Court, among all of the controversies, that the "Jurisdiction" provision recited above is unconscionable, unenforceable, adhesionary and violates the public policy of Nevada.

17. Ms. Wood asks the Court to determine the rights to her recovery of benefits from the Policy, notwithstanding the illegal provisions.

**SECOND CAUSE OF ACTION**

**(Breach of Contract – as to Defendant Gulf)**

18. Plaintiff incorporates by reference each and every paragraph of the Complaint and incorporates them as though set forth in full herein.

19. At all relevant times, Ms. Wood was covered by Gulf's Policy.

20. All premiums were paid on behalf of Ms. Wood at all relevant times and the Policy was in full force and effect at the time Ms. Wood incurred medical expenses for

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

treatment of the sudden onset of a heart condition.

21. Ms. Wood timely gave Defendant Notice of Claim and Proof of Loss.

22. On September 21, 2007 Defendant Gulf breached the agreement and has wrongfully refused to pay the Policy benefits to Ms. Wood without just cause.

23. Ms. Wood has suffered accrued contractual damages in excess of the minimum jurisdictional amount, plus interest and statutory interest pursuant to Nev. Rev. Stat §689(A).410, consequential damages and other incidental and foreseeable out-of-pocket expenses, all in a sum to be determined at trial.

24. Ms. Wood has been compelled to retain legal counsel to obtain the benefits due under the Policy. Defendant is liable to Ms. Wood for those reasonable attorney's fees and other costs of suit reasonably necessary and incurred by her to obtain the Policy benefits in a sum to be determined at trial.

**THIRD CAUSE OF ACTION**

**(Tortious Breach of the Duty of Good Faith and Fair Dealing – as to Defendant Gulf)**

25. Plaintiff incorporates by reference each and every paragraph of the Complaint and incorporates them as though set forth in full herein.

26. Gulf has tortiously breached its duty of good faith and fair dealing owed to Ms. Wood in the following respects:

a. Unreasonable and bad faith failure to reimburse medical expenses at a time when Defendant knew Ms. Wood was entitled to those benefits under the terms of the Policy.

b. Unreasonably misrepresenting to Ms. Wood pertinent facts and insurance policy provisions in relation to the insurance coverage at issue.

c. Bad faith failure to reasonably and promptly investigate and process Ms. Wood's claim for benefits.

d. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Ms. Wood's claim at a time when liability was reasonably clear.

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

e. Bad faith failure to provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts, for its refusal to honor Ms. Wood's claim.

f. Adopting a wrongful business practice of forcing its insureds to file lawsuits in a distant foreign jurisdiction in order to recover benefits to which they are entitled.

27. Ms. Wood is informed and believes and thereon alleges that Defendant Gulf has tortiously breached its duty of good faith and fair dealing owed to her by other acts or omissions of which she is presently unaware. Ms. Wood will seek leave of this Court to amend this Complaint at such times as she discovers the other acts or omissions of Defendant constituting such breach and to name such additional Defendants as may be identified during discovery.

28. As a proximate result of the aforementioned wrongful conduct of Gulf, Ms. Wood has suffered, and will continue to suffer in the future, damages under the policy, plus interest, for a total amount to be shown at the time of trial.

29. An additional result of Defendant Gulf's breach of the contract and wrongful denial of Policy benefits has been Ms. Wood's anxiety, worry and stress.

30. As a further proximate result of the stated wrongful conduct of Gulf, Ms. Wood was compelled to retain legal counsel to obtain the benefits due under the Policy. Defendant is liable to Ms. Wood for those reasonable attorney's fees and costs reasonably necessary and incurred by her to obtain the Policy benefits in a sum to be determined at the time of trial.

31. Defendant Gulf's conduct described herein was intended to cause injury to Ms. Wood or was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Ms. Wood, subjected Ms. Wood to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of material facts known to Gulf with the intention, implied or in fact, to

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

deprive Ms. Wood of property, legal rights, or to otherwise oppress and/or cause injury, such as to constitute malice, oppression, or fraud under Nev. Rev. Stat. §42.005, thereby entitling Ms. Wood to punitive and/or exemplary damages in an amount appropriate to punish and/or set an example of Defendant Gulf.

**FOURTH CAUSE OF ACTION**

**(Breach of Statutory Duties (Nev. Rev. Stat. §686(A) – as to Defendant Gulf)**

32. Plaintiff incorporates by reference each and every paragraph of the Complaint and incorporates them as though set forth in full herein.

33. Defendant Gulf, as an insurer engaged in the business of insurance in Nevada is, and at all times mentioned was, a member of the class of entities regulated by Nevada Insurance Code, Nev. Rev. Stat. §686(A).

34. As an insured under a policy of insurance with Defendant Gulf, Ms. Wood is, and at all times herein mentioned was, a member of the class of persons sought to be protected by Nev. Rev. Stat. §686(A).310.

35. By the acts and omissions as alleged herein, Defendant Gulf has violated the statutory duties owed to Ms. Wood, as contained within Nev. Rev. Stat. §686(A) in the following particulars:

a. Misrepresenting to the insured pertinent facts relating to the coverage at issue.

b. Misrepresenting to Plaintiff pertinent sections of the insurance policy provisions relating to the coverage at issue.

c. Misrepresenting to Plaintiff pertinent facts and insurance policy provisions relating to the coverage at issue.

d. Failing to acknowledge and act reasonably promptly upon communications from Plaintiff with respect to the claims arising under said policy.

e. Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims such as Plaintiff's herein arising under said policy.

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

f. Failing to affirm or deny Plaintiff's claim within a reasonable time after proof of loss requirements were completed and submitted by Plaintiff.

g. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim in which liability has become reasonably clear.

h. Failing to provide promptly to the insured a reasonable explanation of the basis relied upon in the policy, in relation to the applicable facts and law, for the denial of her claim.

36. As a proximate result of Defendant's breach of its statutory duties as alleged, Ms. Wood has suffered damages under the terms of the Policy, plus interest, and for anxiety, worry, mental and emotional distress, and other incidental damages as alleged.

37. As a further proximate result of the wrongful conduct of Defendant, Ms. Wood was compelled to retain legal counsel to obtain the benefits due under the Policy. Gulf is liable to Ms. Wood for those attorney's fees reasonably necessary and incurred by her to obtain the Policy benefits in a sum to be determined at trial.

38. Defendant Gulf's conduct described herein was intended to cause injury to Ms. Wood or was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Ms. Wood, subjected her to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention to deprive Ms. Wood of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under Nev. Rev. Stat. §42.005, thereby entitling Ms. Wood to punitive and/or exemplary damages in an amount appropriate to punish and/or set an example of Defendant Gulf.

## <u>FIFTH CAUSE OF ACTION</u>

## (Intentional Interference With Prospective Economic Advantage – as to Defendant Global)

39. Plaintiff incorporates by reference each and every paragraph of the Complaint

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

and incorporates them as though set forth in full herein.

40. An economic relationship and contract existed between Ms. Wood and Gulf, as set forth above, which provided future economic benefit and advantage to Ms. Wood in the form of benefits promised to reimburse medically necessary treatment under the Student Health Policy ostensibly underwritten by Gulf. Defendant Global was not only aware of the existence of the policy issued by Gulf and the prospective economic advantage to Ms. Wood, it described itself on the face of the policy as "the Company" and defined "We, Our and Us" within the Policy as "Global Benefits Group or its authorized agent."

41. Defendant Global intentionally engaged in acts and conduct designed to interfere with and disrupt Ms. Wood's benefits under the policy causing the denial and continuous withholding of benefits owed. Defendant Global's interference with Ms. Wood's benefits was done deliberately and maliciously in order to cause great economic harm to Ms. Wood. Defendant Global's wrongful conduct actually caused damage to Ms. Wood.

42. As a proximate result of the aforementioned wrongful conduct of Defendant Global, Ms. Wood has suffered and will continue to suffer damages under the policy, plus interest, for a total amount to be shown at the time of trial.

43. As a further proximate result of the wrongful interference by Global, Ms. Wood has suffered anxiety, worry, emotional distress and other incidental damages, all to plaintiff's general damages in a sum to be determined at the time of trial.

44. As a further proximate result of the wrongful conduct of Global, Ms. Wood was compelled to retain legal counsel to obtain the benefits due under the policy. Therefore, Global is liable to Plaintiff for those attorneys fees and costs incurred by Plaintiff in order to obtain the policy benefits in a sum to be determined at the time of trial.

45. The wrongful conduct of Global described herein was intended to cause injury to Ms. Wood and was despicable conduct carried on by Defendant Global with a willful and conscious disregard of her rights, subjecting her to cruel and unjust hardship in conscious

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

disregard of her rights, and was an intentional misrepresentation, and concealment of material facts known to Defendant Global with the intent to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under Nev. Rev. Stat. §42.005, thereby entitling Ms. Wood to punitive damages in an amount to punish or set an example of Defendant Global.

**SIXTH CAUSE OF ACTION**

**(Fraud - as to both Defendants)**

46. Plaintiff incorporates by reference each and every paragraph of the Complaint and incorporates them as though set forth in full herein.

47. When Ms. Wood enrolled in medical school at the University of Nevada, Reno, she was given written material by Defendants which represented that the University had agreed to all the terms of the policy, that she was obligated by the University to purchase the subject Student Health Policy and that the Policy would reimburse all medically necessary expenses incurred during its term up to one million dollars ($1,000,000.00.)

48. In reliance on the oral and written representations of Defendants, Ms. Wood entered into the above described insurance contract and refrained from purchasing other valid insurance coverage. In light of the self-professed expertise of Defendants and the assurance that the University had agreed with all the Policy terms, Ms. Wood's reliance on their oral and written promises was reasonable.

49. Plaintiff is informed and believes and thereupon alleges that Defendants never intended to honor their promises and instead engaged in the following deceptive practices:

A. On information and belief, Plaintiff alleges that Gulf and Global entered into an agreement permitting Global to administer claims under the Policy and to share in any profits realized as a result of favorable loss-ratios. Global had the incentive to fraudulently deny claims in order to enhance the corporate profit by refusing to honor

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

legitimate claims such as Ms. Wood's, a pernicious and wrongful practice that is subject to compensatory and punitive damages under Nevada law.

B. Defendants refused to comply with applicable statutory and case law by insisting on an overly restrictive definition of pre-existing condition in violation of Nevada law and by enforcing policies provisions that are less favorable than permitted under law.

50. Ms. Wood reasonably and justifiably relied to her detriment on these and other representations and concealment in view of the superior knowledge of Defendants and the false implication that the University fully supported all the Policy terms, which Ms. Wood reasonably believed was a truthful representation. Ms. Wood was unaware of Defendants' intentions not to honor the terms of the Policy but instead to falsely assert exclusions which are invalid under Nevada law, which defeat her reasonable expectations of coverage and which are not even enforceable due to contradictory and ambiguous competing policy provisions. Ms. Wood justifiably relied on the promises of Defendants, their employees and agents and believing them to be true, refrained from obtaining other health insurance.

51. As a further proximate result of Defendants' fraud, Ms. Wood has also suffered severe emotional injuries and sustained other general damages, all in a sum to be determined at the time of trial.

52. Defendants' business practices and conduct described herein were intended by Defendants to cause injury to Ms. Wood or were despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Ms. Wood, subjecting her to cruel and unjust hardship in conscious disregard of her rights, and were intentional misrepresentations, deceit or concealment of material facts known to Defendants with the intent to deprive Ms. Wood of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, or fraud under Nev. Rev. Stat. §42.005, thereby entitling Ms. Wood to punitive and/or exemplary damages in an amount appropriate to punish and/or set an example of Defendants.

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

) )

**WHEREFORE,** Plaintiff **SARAH L. WOOD**, prays for judgment against Defendants **GULF INSURANCE PCC LIMITED**, and **GLOBAL BENEFITS GROUP, INC.**, as follows:

1. Damages for failure to provide benefits under the Policy, and other consequential damages, plus all interest as provided by law, including prejudgment interest, in sums to be determined at trial;

2. General damages for anxiety, mental and emotional distress and other incidental damages in a sum to be determined at trial;

3. Punitive and/or exemplary damages pursuant to Nev. Rev. Stat. §42.005 or other applicable law and statutes in an amount appropriate to punish and/or set an example of Defendants Gulf and Global.

4. Compensatory and/or consequential damages in accord with proof adduced at the time of trial;

5. For attorney's fees reasonably incurred to obtain the Policy benefits in a sum to be determined at the time of trial pursuant to applicable law, including as provided for by Nev. Rev. Stat. §18.010;

6. For costs of suit incurred herein; and

7. For such other further relief as deemed appropriate by this Court;

Dated: Thursday, March 12, 2009.

LAW OFFICES OF STEVEN J. PARSONS

Steven J Parsons

STEVEN J. PARSONS
Nevada Bar No. 363

Attorney for Plaintiff
**SARAH L. WOOD**

*Law Offices of Steven J. Parsons*
*City Center West, Suite 108*
*7201 W. Lake Mead Boulevard*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*

# Exhibit "1"

Exhibit "1"

# STUDENT HEALTH INSURANCE POLICY

**Global Benefits Group, Inc.**
27092 Burbank
Foothill Ranch, CA 92610
Phone: (949) 470-2100 fax: (949) 470-2110

Herein after referred to as "the Company".

**POLICYHOLDER:** **University of Nevada School of Medicine**

**PARTICIPATING ORGANIZATION:** University of Nevada School of Medicine

**POLICY NUMBER:** STIN-UNR-1034

**POLICY EFFECTIVE DATE:** Freshman Students - August 14, 2006
All Other Students – September 1, 2006

**POLICY TERM:** 2006 / 2007 Policy Year

This Policy describes the terms and conditions of coverage. The Policy goes into effect on the Policy Effective Date, 12:01AM at the Policyholder's address.
The Insurance Company and the Policyholder have agreed to all the terms of the Policy.

) )

# CONTACT INFORMATION

| **CLAIMS ADMINISTERED BY:** | **International Claims Services** |
|---|---|
| *Claims, Eligibility and Coverage Questions* | 26741 Portola Pkwy., Ste. 1E #505<br>Foothill Ranch, CA 92610<br>(877) 916-7920 (Toll-Free)<br>www.claimssite.com |
| | |
| **PREFERRED PROVIDER:**<br>To Find a Doctor or Provider | **Care Management Network (CMN)**<br>(866) 914-5333<br>www.claimssite.com |
| | |
| **PRESCRIPTIONS:** | **First Health Rx**<br>(866) 914-5333<br>www.claimssite.com |
| | |
| **THE PLAN ADMINISTERED BY:** | **Acordia Somerton**<br>**Student Insurance Services**<br>CA License No. 0352275<br>11017 Cobblerock Drive, Suite 100<br>Rancho Cordova, CA 95670<br>(800) 853-5899 or (916) 231-3399<br>Fax: (916) 231- 3398<br>www.somerton-ins.com |
| | |
| **THE UNDERWRITING COMPANY:** | **Gulf Insurance PCC Limited** |

# TABLE OF CONTENTS

| | |
|---|---|
| Eligibility and Rates | 5,6 |
| Effective Date, Termination Date and Extension of Benefits | 6,7 |
| Definitions | 7 |
| Preferred Provider Organization | 10 |
| Schedule of Medical Benefits | 11 |
| Accident and Sickness Medical Expense Benefits | 15 |
| Exclusions and Limitations | 17 |
| Accidental Death and Dismemberment | 19 |
| Terms and Conditions | 20 |
| Prior Notification | 22 |
| Care Coordination | 23 |
| How to File a Claim | 24 |

**PLEASE READ THIS POLICY CAREFULLY.**



**SUMM**
Steven J. Parsons
Nevada Bar No. 363
LAW OFFICES OF STEVEN J. PARSONS
City Center West, Ste. 108
7201 W. Lake Mead Blvd.
Las Vegas, NV 89128-8354
(702)384-9900
(702)384-5900 (fax)
SteveSJP@pclv.com

Attorney for Plaintiff
**SARAH L. WOOD**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

**SARAH L. WOOD,**

Plaintiff,

vs.

**GULF INSURANCE PCC LIMITED,** a foreign, non-admitted insurer;
**GLOBAL BENEFITS GROUP, INC.,** a Delaware corporation,

Defendants.
______________________________/

Case No.: A585296
Dept. No.: XXV

**SUMMONS**

## NOTICE! *YOU HAVE BEEN SUED.*

**THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY (20) DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:**

**GLOBAL BENEFITS GROUP, INC.,** a Delaware corporation:

A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within twenty (20) days after this Summons is served on you, exclusive of the day of service, you must do the following:

a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules

of the Court.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

**CLERK OF COURT**

By: MARY ANDERSON MAR 13 2009
**DEPUTY CLERK** Date
Regional Justice Center
200 Lewis Ave.
Las Vegas, NV 89101

DISTRICT COURT SEAL

Issued at direction of:

LAW OFFICES OF STEVEN J. PARSONS

Steven J. Parsons

Steven J. Parsons
Nevada Bar No. 363
City Center West, Ste. 108
7201 W. Lake Mead Blvd.
Las Vegas, NV 89128-8354
(702)384-9900
(702)384-5900 (fax)
SteveSJP@pclv.com

Attorney for Plaintiff
**SARAH L. WOOD**